UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 20-103-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 23-190-DCR |
| V. | ) | |
| | ) | |
| VONNIE J. MCDANIELS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

Following a three-day jury trial, Defendant Vonnie McDaniels was convicted of two counts of bank fraud in violation of 18 U.S.C. § 1344(1) (Counts 1 and 2), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) (Count 3). [Record No. 56] He was sentenced to 27 months' imprisonment, followed by 3 years of supervised release. [Record No. 63] McDaniels appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit but that court affirmed. [Record No. 86] Following his incarceration, on July 27, 2022, McDaniels was transferred to a residential re-entry center ("RRC") operated by Dismas Charities in Lexington, Kentucky.

On June 26, 2023, McDaniels filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 88] He asserted a host of claims in his motion, including an assertion that the Court erred in denying his motion to dismiss Count 3 from the indictment and that his trial attorney provided constitutionally ineffective assistance by failing to call witnesses during trial. Magistrate Judge Edward B. Atkins directed the United States to file a response to McDaniels' motion on or before August 14, 2023. [Record No. 93]

However, on August 2, 2023, the Court received notice from the Bureau of Prisons ("BOP") that McDaniels was placed on escape status after he left the RRC, traveled to his home, and refused to respond to calls. Because the defendant is no longer in custody at the RRC and has not been located by the BOP, his current motion for collateral relief will be dismissed.

"The fugitive disentitlement doctrine permits a district court to 'sanction or enter judgment against parties on the basis of their fugitive status.'" *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017) (citing *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998)); *see also United States v. Martirossian*, 917 F.3d 883, 885 (6th Cir. 2019) (holding that the doctrine "generally permits a federal court to insist on a defendant's presence in the jurisdiction before it resolves challenges to the criminal charges"). Courts use discretion in applying the doctrine to dismiss a fugitive defendant's petition seeking collateral relief. *See, e.g., Taylor v. Egeler*, 575 F.2d 773 (6th Cir. 1978) (applying fugitive disentitlement doctrine to dismiss an inmate's appeal of the denial of his habeas petition); *Nelson v. Cozza-Rhodes*, No. 05-CV-60128, 2006 WL 83064, at *1 (E.D. Mich. Jan. 11, 2006) ("[F]ederal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice.") (collecting cases).

The doctrine stems from a "number of different rationales." *Bagwell v. Dretke*, 376 F.3d 408, 411 (5th Cir. 2004). As the Fifth Circuit explained, "if a defendant is a fugitive when the court considers his case, it may be impossible for the court to enforce any judgment that it renders." *Id*. Additionally, dismissing a defendant's case under the doctrine "'discourage[s] . . . flights from justice'" and "protects the dignity of the courts." *Shalhoub*, 855 F.3d at 1259 (citing *Ortega-Rodriguez v. United States*, 507 U.S. 234, 241-42 (1993)).

Courts consider the following factors when deciding whether to dismiss a petition brought by a fugitive defendant: "(1) the impossibility to enforce a judgment against the defendant; (2) whether the case has been abandoned by the defendant and he waived his rights; (3) whether dismissing the action would discourage escape and encourage voluntary surrender; (4) whether the defendant is impeding the court's ability to adjudicate the case before it; and (5) the affront to the authority of the court." *Mohamud v. United States*, No. 5: 03-CV-227, 2006 WL 1867298, at *4 (N.D. W. Va. June 30, 2006) (citing *Bagwell*, 376 F.3d at 413).

In this case, all five factors weigh in favor of dismissing McDaniels' § 2255 petition. First, it is impossible to enforce a judgment against McDaniels because his location is currently unknown. *See Taylor*, 575 F.2d at 773 (finding that enforcing a ruling on the defendant's habeas petition, which "[i]f granted . . . [would require] the jailer or other custodian to produce the body and free the prisoner" was impossible because "[i]f there is no body for the jailer to produce, the writ is unnecessary"). Second, McDaniels abandoned his request for relief and waived his right to litigate the merits of his § 2255 motion when he escaped from his RRC. *See Nelson*, 2006 WL 83064, at *1 ("[A] prisoner who escapes while his petition is pending 'intentionally waives control over the proceedings.'") (citation omitted). Third, denying McDaniels' motion for habeas relief would "discourage [his] escape and encourage voluntary surrender" by communicating to the defendant that he may not "use the resources of the courts only if the outcome is an aid to him." *United States v. Barnette*, 129 F.3d 1179, 1184 (11th Cir. 1997). Fourth, the defendant's absence hinders the Court from ruling on the merits of his § 2255 motion. Although McDaniels submitted a memorandum of law in support of his petition, he will not be able to file a reply to the government's response to the motion or submit objections to the Magistrate Judge's Report and Recommendation. Fifth, and finally,

McDaniels' attempt to "thwart the law while simultaneously benefitting from it" is an affront to the court's authority. *Mohamud*, 2006 WL 1867298, at * 4; *see also id.* ("[I]t is an insult upon the court to seek habeas relief in this Court and then fail to assist the court in its adjudication of the petition.").

Having considered the five factors set forth in *Bagwell*, the undersigned concludes that summary dismissal of McDaniels' habeas petition is warranted. Additionally, he is not entitled to a certificate of appealability. The Court will issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). However, a certificate of appealability may be issued only when a defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the Court's conclusion here. The defendant's § 2255 petition may be dismissed under the fugitive disentitlement doctrine because he escaped from his RRC. The Court would be unable to enforce any ruling on McDaniels' habeas petition because he is no longer in custody. Moreover, the defendant's conduct constitutes a waiver of his right to litigate his § 2255 motion and an affront to the dignity of the Court. As another district court judge stated under similar circumstances, the Court can see "no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very

relief he seeks." *Crawford v. Varner*, No. CIV. A. 98-405-GMS, 2002 WL 229898, at *2 (D. Del. Feb. 15, 2002).

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant McDaniels' motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 88] is **DENIED**. His claims are **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

2. A Certificate of Appealability will not issue.

Dated: August 3, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky